[Cite as *Tamburin v. Simpson*, 2016-Ohio-8154.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ERICA A. TAMBURIN, et al., | ) | CASE NO. 15 BE 0081 |
| | ) | |
| PLAINTIFFS-APPELLEES, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| CHAD ALLEN SIMPSON, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the Belmont County
                               Court – Northern Division of Belmont
                               County, Ohio
                               Case No. 15 CVI 0283

JUDGMENT:                      Affirmed.

APPEARANCES:

For Plaintiffs-Appellees:      Erica Tamburin, et al.
                               P.O. Box 126
                               214 Bennett Street
                               Bridgeport, Ohio  43912
                               No Brief filed
                               *Pro se*

For Defendant-Appellant:       Chad Simpson
                               1105 Traubert Place
                               Follansbee, West Virginia  26037
                               *Pro se*

JUDGES:

Hon. Carol Ann Robb
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                               Dated:  December 9, 2016

ROBB, J.

{¶1} Defendant-Appellant Chad Simpson appeals the Belmont County Court, Northern Division's decision awarding Plaintiffs-Appellees Erica Tamburin and Connie Tamburin $1,754.56 in damages in their small claims tort suit against him. Appellant's pro se appellate brief appears to assert the trial court's decision to find him liable for damages in that amount is against the manifest weight of the evidence. For the reasons expressed below, the trial court's decision is not against the weight of the evidence and thus, it is affirmed.

<u>Statement of the Facts and Case</u>

{¶2} Appellant and Appellee Erica are divorced and have one child together. On June 1, 2015, Appellant attempted to exercise visitation with the seven week old child. The parties have a designated exchange location that is monitored by a camera. Appellee Erica did not bring the child to the designated location because either she did not believe it was Appellant's visitation time, or the child was sick and she did not want Appellant to exercise his visitation. As a result, Appellant went to Appellees' residence to exercise his visitation.

{¶3} According to Appellant he brought a police officer with him to the residence in case there was an altercation. Both Appellant and Appellee Erica testified Appellant told Appellee Erica he was not there to take the child, but rather just wanted to see the child. Appellant admitted that statement was a lie. Appellee Erica let Appellant into the residence.

{¶4} An altercation ensued between Appellant and Appellee Erica when Appellant attempted to leave with the child. The officer Appellant brought with him to the residence had to leave prior to Appellant getting in the house; the officer was dispatched to another incident. However, the officer came back in the midst of the altercation.

{¶5} Upon re-arriving at the residence, from outside the residence, the officer observed a lamp "fly" off the window sill and a few seconds later the curtain was ripped down. The officer indicated he had to kick the door in to gain entrance. He observed the parties screaming at each other and them actively pulling the child in opposite directions. Officer's Incident Report.

**{¶6}** The officer was concerned for the child's welfare and ordered an ambulance to transport the child to the hospital for examination. Appellee Erica chose to go to the hospital with her child to have her alleged injuries examined. The officer's incident report indicates both parties were charged with domestic violence. Attached to the officer's incident report are pictures of the room, and of the alleged injuries each party and the child sustained in the altercation.

**{¶7}** As a result of the medical bills and damage to the property, Appellees filed a small claims action against Appellant in Belmont County Court, Northern Division. 7/22/15 Complaint. They asked for $2,174.66 in damages.

**{¶8}** The case proceeded to trial. 9/2/15 Trial. Appellant and Appellee Erica testified. Also, Appellee Connie, Erica's mother who witnessed the event and lives with Erica, testified.

**{¶9}** After considering the evidence, the trial court rendered judgment in Appellees' favor in the sum of $1,754.56 plus court costs. In rendering this judgment, the court stated Appellees met their burden on some of their claims; the claims in relation to Radiology Associates, Wheeling Hospital, and property claims. 11/10/15 J.E.

**{¶10}** Appellant filed a timely appeal from that decision.

<u>Analysis</u>

**{¶11}** Appellant's pro se brief does not comply with the Ohio Rules of Appellate Procedure. The brief does not set forth an assignment of error or a statement of the issue presented for review. App.R. 16(A)(3) and (4). Likewise, Appellant does not direct this court to any case law and/or statutes supporting his argument. App.R. 16(A)(7). That said, it appears Appellant is arguing the trial court's judgment is against the manifest weight of the evidence.

**{¶12}** In applying the manifest weight standard to civil cases, the appellate court must review the whole record, weigh the evidence and all reasonable inferences, consider the witnesses' credibility, and determine whether the trier of fact clearly lost its way and created such a miscarriage of justice that the court's order must be reversed. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012–Ohio–2179, 972 N.E.2d 517; *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). In

doing so, the appellate court must always be aware of the presumption in favor of the finder of fact. *Eastley* at ¶ 21, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Thus, "[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against" the judgment. *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶13} As aforementioned, the trial court found Appellees met their burden in proving some of their claims. It found they proved Appellant was liable for the property damage, and the Radiology Associates and Wheeling Hospital bills for Erica's medical treatment that resulted from the June 1, 2015 altercation.

{¶14} At trial, Appellees offered the Radiology Associates bill to prove the amount owed. The bill showed a balance due of $39.00. Tr. 12- 13, 15; Radiology Associates Bill. At trial Appellee Erica testified this bill was for an x-ray of her elbow that was injured during the altercation. Tr. 15. She indicated the $39.00 was the portion not covered by insurance. Tr. 15.

{¶15} Appellees also submitted the Wheeling Hospital bill at trial. Tr. 12-13. This bill listed Erica as the patient and indicated she paid $114.64. Tr. 16; Wheeling Hospital Bill.

{¶16} As to property damage, Appellees claimed $1,599.93 in property damages. Appellee Erica testified items were damaged as a result of the altercation. Tr. 9. Appellee Erica indicated Appellee Connie's computer system was knocked over and no longer worked properly. Tr. 9. Erica testified the lamp was broken, the curtain rod was bent, and the curtain was torn. Tr. 9. She also testified the front door was damaged; the lock no longer worked and the frame was damaged. Tr. 9. She produced exhibits showing the cost of each item; $24.99 for the lamp, $29.99 for the lamp shade, $14.50 for the curtain, $3.00 for the curtain rod, $899.99 for the computer, and $199.00 for a new door. Tr. 9, 12-14; Exhibits. As to the cost for installation of the new door and repairs to the door frame, Erica testified she contacted a repairman and he gave her a verbal estimate of $428.46. Tr. 15; Exhibits.

{¶17} Appellee Connie also testified. Tr. 24-27. She confirmed that during the altercation, the computer was knocked over and broken, the lamp was knocked over and broken, the curtains were ripped off the wall, and the door was kicked in. Tr. 24.

{¶18} The pictures attached to the officer's incident report showed a disheveled room. A lamp was on the floor, and the curtain rod was pulled out of the wall. The picture of the computer is dark; it is a photocopy of a picture. The area looks disheveled, but it is not clear that the computer was knocked over.

{¶19} When the figures for the two medical bills and the property damages are totaled it is $1,753.57, which is approximately the amount the trial court awarded to Appellees.

{¶20} During cross-examination, Appellant attempted to show the computer Appellees claimed was damaged was not the same computer shown in the pictures. Tr. 21-22. He indicated the computer listed in the exhibits was for an all-in-one computer, but the computer pictured was a laptop. Tr. 21-22. He also questioned Appellee Erica about whether she was aware of a claim she could have brought against the police to repair the damage done to the front door; he referred to such claim as a police tort claim. Tr. 22. She indicated she was not aware of such an action. Tr. 22.

{¶21} Appellant further testified he did not cause any of the property damage. Tr. 31. He avowed the damage was caused by Appellee Erica when she was attempting to keep him from signaling to the police officer to come in the residence. Tr. 32, 36. He also stated he does not remember anything breaking during the struggle. Tr. 37.

{¶22} Considering all the above, the trier of fact did not clearly lose its way and create such a miscarriage of justice that the court's order must be reversed. Appellant admittedly deceived Appellee Erica to gain entrance to the residence to exercise his visitation. As a result, an altercation ensued. Appellee Erica went to a hospital to have her elbow checked, which she claimed was injured in the altercation. Appellee claimed multiple items were damaged during the altercation. Appellant claimed nothing was broken. The trial court was in the best position to determine

credibility, and we will defer to its finding. As to the cost of medical bills and the replacement cost of the damaged property, Appellees provided testimony and documentation to support the request for damages. Although, Appellant disputes those items were damaged and disputes the replacement cost of those allegedly damaged items, we cannot find the evidence weighs heavily against the judgment.

{¶23} Appellant's argument is meritless and the trial court's judgment is affirmed.


Waite, J., concurs.

DeGenaro, J., concurs.